IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ODELL PRINCE                                                      PETITIONER

VS.                                CIVIL ACTION NO. 4:09cv21-DPJ-JCS

JACKIE PARKER and
STATE OF MISSISSIPPI                                      RESPONDENTS

## **REPORT AND RECOMMENDATION**

This cause is before the court on the petition for writ of habeas corpus filed by Odell Prince and Respondents' motion to dismiss the petition as untimely. Petitioner has not responded to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Petitioner entered a plea of guilty in the Circuit Court of Kemper County, Mississippi, to sale of cocaine. By order dated May 3, 2004, he was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC). He filed his section 2254 petition with this court on or after February 12, 2009.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000). Thus, Prince's' petition was "filed" sometime between the date it was signed, February 12, 2009, and the date it was received and filed by the district court, February 18, 2009.

court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitioner's conviction became final no later than June 2, 2004, thirty days after he was sentenced on his guilty plea, and his one-year limitations period began to run no later than that day.[2] He had one year from that date, or until June 2, 2005, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. On

---

[2] By statute, there is no direct appeal from a guilty plea. *See Miss. Code Ann.* § 99-35-101. However, the Mississippi Supreme Court has carved out an exception to this prohibition, allowing an appeal within thirty days of the sentencing order when the issue concerns an allegedly illegal sentence. *See, e.g.*, *Acker v. State,* 797 So. 2d 966 (Miss. 2001). Therefore, at the latest, pursuant to *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), Prince's conviction became final when his thirty-day period for seeking review of the sentence expired.

April 6, 2005, Prince signed and sent in for filing in state court a motion for post-conviction relief. He signed a second such motion on November 16, 2005; that motion was filed on November 21, 2005. The trial court denied relief on December 22, 2005, and the Mississippi Court of Appeals affirmed on August 7, 2007. Therefore, under § 2244(d)(2), Prince is entitled to 854 days of statutory tolling for the time period during which his state court post-conviction action was pending. Thus, his one year expired on October 4, 2007 (one year from June 2, 2004, plus 854 days), and his federal habeas petition is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 23rd of November, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE